UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAWN H., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:24-cv-00894-TLF <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for Social Security benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

On December 28, 2018, plaintiff filed applications for disability insurance benefits (DIB) and supplemental security income ("SSI"), alleging a disability onset date of August 8, 2015. AR 345-60. On June 20, 2019 the Commissioner found plaintiff to be disabled and eligible for SSI benefits as of December 28, 2018 (filing date). AR 17, 182. The Commissioner denied plaintiff's DIB claim because he did not find her to be disabled before her date last insured ("DLI"), December 31, 2015. AR 232-33, 242-43.

On April 20, 2023, a hearing was conducted by ALJ Timothy Mangrum. AR 47-83. On August 16, 2023, ALJ Mangrum issued an unfavorable decision finding plaintiff not to be disabled between August 8, 2015 and December 31, 2015. AR 14-35

The ALJ found from August 18, 2015 to December 31, 2015 plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, peripheral neuropathy, bilateral carpal tunnel syndrome, and headaches because of pseudotumor cerebri. AR 21. As a result, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) except: cannot climb ladders, ropes or scaffolds, can occasionally climb stairs, can occasionally balance, stoop, crouch, kneel, and crawl, can frequently handle and finger bilaterally, and must avoid concentrated exposure to excessive vibration and hazards. AR 23. Based on this, the ALJ determined plaintiff could perform the following work: Addresser (DOT #: 209.587-010; unskilled/SVP 2; sedentary; 2,065 positions nationally); Document Preparer (DOT #: 249.587-018; unskilled/SVP 2; sedentary; 15,628 positions nationally); Callout Operator (DOT #: 237.367-014; unskilled/SVP 2; sedentary; 1,983 positions nationally). AR 28.

## DISCUSSION

The parties agree that the ALJ committed harmful error at step five. Dkt. 9, defendant's brief at 1, requesting remand. The burden of proof is on the Social Security Administration in step five of the five-step review process, to show the claimant can perform other jobs in the national economy that exist in significant numbers. *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th Cir. 2002). In doing so, the Commissioner has relied on testimony from a V.E. and the Dictionary of Occupational Titles (DOT). 20 C.F.R. §

404.1520(a)(4)(v), §404.1560, §404.1566(e). SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000). An ALJ may take administrative notice of any reliable job information. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005).

The issue before the Court is limited to whether remedy would be for a remand for award of benefits, or a remand for further proceedings. Dkt. 9. at 3; Dkt. 10, plaintiff's reply brief at 1.

**Whether the Court should reverse with a direction to award benefits.**

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The Ninth Circuit has developed an analysis that includes three elements all of which must be satisfied for a remand to award benefits. Such remand is generally proper only where:

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). The court is prohibited from accepting as true improperly rejected evidence

and skipping to the consideration of whether there are outstanding issues that remain. *Leon v. Berryhill,* at 1046; *Dominguez v. Colvin,* 808 F.3d 403, 409 (9th Cir. 2015). As to the third step, "the district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true." *Dominguez,* 808 F.3d at 407.

"Except in rare circumstances", the district court should "remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc., Sec. Admin.,* 775 F.3d 1090, 1099 (9th Cir. 2014). The Ninth Circuit emphasized in *Leon* that even when each element or the review concerning the appropriate remedy on remand is satisfied, the district court still may remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045; *see also, Burrell v. Colvin,* 775 F.3d 1133, 1141-1142 (9th Cir. 2014) (even assuming all three elements of the criteria for deciding the remedy were satisfied, the Ninth Circuit found the record as a whole created serious doubt about whether the plaintiff was disabled; remand for award of benefits was therefore unwarranted).

The ALJ asked the V.E. whether there were any jobs other than addresser and call-out operator above 10,000 numbers and the V.E. responded:

> No, I do not, and the problem is that the – our unskilled sedentary jobs has changed very much so in the last couple of years. Part of the problem is a lot of the sedentary jobs have been absorbed into – sedentary unskilled jobs have been absorbed into other jobs, and then quite a bit of them has actually been transferred overseas. So, we do have, unfortunately, low numbers for sedentary unskilled jobs.

AR 78. Because the inquiry ended here and the V.E. did not identify whether plaintiff could perform other jobs but only clarified that there were no jobs that plaintiff could

perform *with numbers above 10,000*, the Court cannot conclude that remand for additional proceedings would not serve a useful purpose. *Trevizo*, 871 F.3d at 682-83.

Plaintiff argues that remand for further proceedings would not serve a useful purpose because the V.E. testified that there were no additional occupations that she could identify with numbers over 10,000 in response to the hypothetical question posed by the ALJ. Dkt. 7 at 7.

The Commissioner responds that V.E. testimony on remand may show that plaintiff could perform unskilled occupations that, in the aggregate, could collectively represent over 25,000 jobs in the national economy. Dkt. 9 at 3.

The Court agrees with defendant that this is a useful purpose. *Trevizo*, 871 F.3d at 682-83.

Plaintiff points to the Social Security Emergency Message EM-24027 and argues that on remand the ALJ would be unable to rely on the jobs of Addresser and Document Preparer. Dkt. 10 at 2-3. But EM-24027 does not state that ALJs may not cite these occupations at all, but that an ALJ may not cite these occupations "without additional evidence from a VS or VE supporting that as the occupation is currently performed: its requirements are consistent with the individual's RFC, and it exists in the national economy in numbers that alone, or in combination with work in other cited occupations, are significant." EM-24027. Unlike the situation in *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir. 2004), where the V.E. testified that a person with the plaintiff's exact limitations would be unable to work, in this case the V.E.'s testimony did not conclusively rule out all sedentary occupations at step 5. *See also, Lingenfelter v. Astrue,* 504 F.3d 1028, 1041 (9th Cir. 2007) (remand for award of benefits appropriate

where V.E. testified that a person with plaintiff's pain and physical limitations would not be able to perform any employment whatsoever).

Therefore, the Court cannot say with certainty whether the ALJ's hypothetical, testimony of a V.E., and follow up questioning, would show there are, or are not, sedentary jobs available in sufficient numbers at step five on remand; and uncertainty remains about whether the ALJ would be unable to cite these jobs on remand, or whether these are the only jobs that plaintiff could perform. *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

## CONCLUSION

For these reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled and the ALJ's decision is reversed and remanded for further administrative proceedings consistent with this Order. On remand, there is no need for a de novo hearing of all five steps. The ALJ is directed to reevaluate the step five only, to include additional vocational expert evidence as necessary, resolving any inconsistencies between the vocational expert testimony, the Dictionary of Occupational Titles, and plaintiff's residual functional capacity.

Dated this 11th day of March, 2025

Theresa L. Fricke
United States Magistrate Judge